UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80913-CIV-HURLEY/HOPKINS

IMPLANT INNOVATIONS, INC.,

    Plaintiff,

vs.

DEBBIE, LLC, et al.,

    Defendants.
_____/

## ORDER ADOPTING-IN-PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the court upon the plaintiff's motion for preliminary injunction and the report and recommendation of United States Magistrate Judge James M. Hopkins, recommending that the plaintiff's motion for preliminary injunction be denied. The plaintiff has filed objections to the magistrate judge's report and recommendation.

Pursuant to Fed. R. Civ. P. 72(b), "The district judge . . . shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." The rule requires that objections be filed within ten days of service of the report and recommendation, and that the objecting party arrange for transcription of sufficient portions of the record. Fed. R. Civ. P. 72(b). The district judge may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.* Portions of the report and recommendation that are not specifically objected to are subject to the clear error standard. The identical requirements are set forth in 28 U.S.C. § 636(b)(1).

A plaintiff is not entitled to a preliminary injunction unless he establishes each of the following four prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). In his report and recommendation, the magistrate judge concluded that the plaintiff has not established a substantial likelihood of success on the merits of its trademark infringement claim because the plaintiff has not demonstrated (1) priority rights in the mark; and (2) a likelihood of confusion between the two marks.[1] The plaintiff objects to the magistrate judge's findings on both of these points. After conducting a *de novo* review of those portions of the magistrate judge's report and recommendation that were specifically objected to, the court has determined that the magistrate judge's conclusions regarding priority are adequately supported by the applicable law and the facts of this case. Specifically, there is evidence in the record that defendants' first use of the mark in commerce occurred on May 2, 2006, pre-dating the plaintiff's intent-to-use application by two days. As a result, the court will adopt the portions of the magistrate judge's report regarding the issue of priority. Because the plaintiff has failed to established a substantial likelihood of success on the merits at this stage in the litigation, the court will deny the plaintiff's motion for preliminary injunction.

---

[1] In order to prevail on a claim for trademark infringement under section 43(a) of the Lanham Act, a plaintiff must show: (1) that it had prior rights to the mark at issue; and (2) that the defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001).

Order Adopting-In-Part Report and Recommendation of Magistrate Judge
Implant Innovations, Inc. v. Debbie, LLC, et al.
Case No. 06-80913-CIV-HURLEY/HOPKINS

Upon review of the magistrate judge's report and recommendation and the plaintiff's objection, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation of the United States Magistrate Judge [DE # 70] is **ADOPTED-IN-PART** and, to the extent that it comports with the provisions of this order, is incorporated herein by reference.

2. The plaintiff's motion for preliminary injunction [DE # 6] is **DENIED.**

**DONE** and **SIGNED** in chambers at West Palm Beach, Florida this _20_ day of June, 2006.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*
Hon. James M. Hopkins